O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

term 47-48

| Case No. | CV 09-6050 PSG (Ssx) | Date | December 14, 2010 |
|---|---|---|---|
| Title | Maxine Russell v. United States Department of State, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Granting Plaintiff's Rule 56(f) Motion and Modifying the Scheduling Order

Pending before the Court is Plaintiff's Federal Rule of Civil Procedure 56(f) Motion in Response to Defendants' Motion for Summary Judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion.

I.   Background

For purposes of this Motion, a detailed examination of the facts of this Freedom of Information Act ("FOIA") case is unnecessary. Plaintiff Maxine Russell ("Plaintiff") requested documents from Defendants Department of State and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants" or the "Government") related to the death of her son while in China.

Both Plaintiff and Defendants filed Motions for Summary Judgment, but in response to Defendants' motions, Plaintiff filed Federal Rule of Civil Procedure 56(f) Motions based on inadequate knowledge of the facts needed to oppose Defendants' motions. *See* Dkts. ##47-48. In them, Plaintiff requests additional time to depose the declarants whose affidavits are relied on by Defendants in their motions. Specifically, Plaintiff seeks "limited discovery, in the form of narrowly tailored depositions of representative [of the Department of State and the FBI], pursuant to [Rule] 56(f), in order to ascertain facts necessary to address the adequacy of [the] search." Dkt. #48, at 9:4-8. Plaintiff filed the Rule 56(f) motions because the declarations relied upon by Defendants do "not provide the required specificity as to the adequacy of [Defendants'] search for responsive records." *Id.* at 9:22-27. The Court agrees.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

term 47-48

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6050 PSG (Ssx) | Date | December 14, 2010 |
|---|---|---|---|
| Title | Maxine Russell v. United States Department of State, *et al*. | | |

II. <u>Legal Standard</u>

Rule 56(f) provides that:

If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

This rule should be applied with a spirit of liberality to prevent injustice to the party facing summary judgment. *See* 10B Wright & Miller, *Fed. Practice & Proc.,* § 2740, p. 402 (West 1998); *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1380 (D.C.Cir.1988). Parties seeking a continuance must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal. v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998); *see also Continental Maritime of San Francisco v. Pacific Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO,* 817 F.2d 1391, 1395 (9th Cir.1987) (noting that party seeking a continuance bears the burden to show specific facts it hopes to discover; "mere hope that further evidence may develop" is insufficient). Denial of a Rule 56(f) application is proper "where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.1991).

III. <u>Discussion</u>

It is true that discovery in FOIA cases is not frequently employed, but it can be. *See, e.g., Church of Scientology v. I.R.S.*, 991 F.2d 560, 563 (9th Cir. 1993); *Marx v. United States*, 578 F.2d 261, 262 (9th Cir. 1978); *Laroche v. S.E.C.*, CV No. 05-4760, 2006 WL 2868972, at *4 (N.D. Cal. Oct. 6, 2006). As stated by the Government, the central issue in this case is not whether there are additional documents responsive to Plaintiff's request, but rather whether the Agencies conducted a reasonable search. *See* Dkt. #54, at 8:5-11 (Rule 56(f) Opposition). To determine whether the government has conducted a reasonable search, the government can produce "a reasonably detailed, nonconclusory affidavit submitted in good faith," *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985), setting forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**term 47-48**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6050 PSG (Ssx) | Date | December 14, 2010 |
|---|---|---|---|
| Title | Maxine Russell v. United States Department of State, *et al*. | | |

were searched," *Laroche*, 2006 WL 2868972, at *2 (citing *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)). With this in mind, the Court finds that a continuance under Rule 56(f) is warranted.

In their respective motions for summary judgment, the Department of State relies on the declaration of Margaret P. Grafeld and the FBI relies on the declaration of David M. Hardy. *See* Dtk. #38 (Grafeld Declaration); Dkt. #36 (Hardy Declaration). The Grafeld declaration does appear to be very general with no specific detail as to the methodology of the State Department's search, the search terms used, and the records/databases actually searched. Similarly, the Hardy declaration indicates that the FBI did a "manual" search in certain locations, but does not describe the method used or the nature of the instructions provided to those actually performing the search. Limited discovery is thus warranted under the "narrow" strictures identified by Plaintiff and the Court GRANTS the Rule 56(f) motions. *See* Dkts. ##47-48 (seeking discovery related only to the "adequacy" of the Department of State and FBI's searches).

Finally, the Court re-examines its earlier denial of the Government's *ex parte* application to continue dates to enable discussion of the remaining documents at issue. *See* Dkt. #50; *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment. In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders." (internal and external citations omitted)). The Court's decision to grant Plaintiff's Rule 56(f) motion warrants reconsideration of Defendants' *ex parte* application, which the Court also GRANTS in part. The parties are to meet and confer about the remaining documents in dispute prior to additional filings related to the summary judgment motions. The dates provided by the Government in the *ex parte* application are modified to reflect the date of this Order and the Court's grant of Plaintiff's Rule 56(f) motion. The new dates are set according to the following:

```
Discovery Cut-Off:          2/14/2011
Simultaneous Opposition Briefs not to exceed 10 pages:   2/28/2011
Simultaneous Reply Briefs not to exceed 5 pages:         3/7/2011
Motions Hearing Date:   3/21/2011
Pre-Trial Conference:   5/2/2011
Trial:                  5/17/2011
```

IV.     Conclusion

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**term 47-48**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6050 PSG (Ssx) | Date | December 14, 2010 |
|---|---|---|---|
| Title | Maxine Russell v. United States Department of State, *et al*. | | |

  Based on the foregoing, the Court GRANTS Plaintiff's Rule 56(f) Motion and reconsiders and GRANTS in part Defendants' December 6, 2010 *ex parte* application to continue dates. The Court modifies its scheduling order according to the above schedule.

  **IT IS SO ORDERED.**