O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#62

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6050 PSG (SSx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Maxine Russell v. Department of State, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Continuing Defendant's Motion for Reconsideration

     Pending before the Court is Defendants' Motion for Reconsideration of this Court's December 14, 2010 Order granting Plaintiff's Rule 56(f) motion and permitting limited discovery. The Court heard oral argument on the matter on March 7, 2011. After considering the moving and opposing papers, as well as the arguments presented at the hearing, the Court CONTINUES Defendants' Motion for Reconsideration to allow Defendants to submit additional declarations. The Court is convinced that the remaining issues related to the Department of State's declarations can be resolved in supplemental declarations of Margaret P. Grafeld and/or other individuals with relevant knowledge of the FOIA searches conducted. Alternative forms of discovery are therefore no longer warranted.

I.    Background

     On December 14, 2010, this Court granted Plaintiff Maxine Russell's ("Russell") Rule 56(f) Motion allowing for limited discovery, and, in doing so, modified the Court's previously issued scheduling order. Specifically, the Court approved Plaintiff's request to conduct "limited discovery" on the very narrow issue of the adequacy of Defendants Department of State and the Federal Bureau of Investigation's ("FBI") (collectively, the "Government" or "Defendants") Freedom of Information Act ("FOIA") search for documents related to the death of Plaintiff's son Darren Russell in China. *See* Dkt. #56 (the "December 14 Order"). The Court issued the December 14 Order after concluding, *inter alia*, that the "Grafeld declaration does appear to be very general with no specific detail as to the methodology of the State Department's search, the search terms used, and the records/databases actually searched." *Id.* at 3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#62

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6050 PSG (SSx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Maxine Russell v. Department of State, *et al.* | | |

    Instead of allowing for the narrow discovery to occur, however, the Government unilaterally determined that discovery was in fact not warranted, and opted to submit the Third Declaration of Department of State official Margaret P. Grafeld instead. As noted in Plaintiff's Opposition, "Defendants, through the filing of the present Motion for Reconsideration, and by their associated actions in refusing to cooperate with the scheduling [order] or participation in any discovery depositions, appear to be attempting to unilaterally derail the Court's current scheduling [order] for this action, and [] instead replac[ing] the Court's orderly schedule with an amorphous process by which the Defendants would continue to submit unlimited supplemental declarations addressing adequacy of search issues, with the parties apparently thereafter submitting a series of never-ending briefing addressing the adequacy of the agencies' supplemental declarations." *Opp'n* 9:13-24. Accompanying the Third Grafeld declaration was the Government's Motion for Reconsideration of this Court's December 14, 2010 Order, arguing that the facts asserted in the Third Grafeld Declaration make it such that discovery is no longer warranted. *See Mot.* 5:1-11.

II.     Legal Standard

    Federal Rule of Civil Procedure 54(b) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment. In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders." (internal and external citations omitted)). Under Local Rule 7-18, a court may reconsider its ruling on a motion only upon a showing of (a) a material difference in fact or law that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new facts or a change of law occurring after the decision, or (c) a manifest failure of the court to consider material facts presented. A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier. *See Daghlian v. Devry Univ. Inc.*, 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2008).

III.     Discussion

    Despite the new facts presented in the Grafeld Declaration and the general rule that discovery is limited in FOIA cases, the Court DENIES Defendants' Motion for Reconsideration and concludes that the Third Grafeld Declaration remains inadequate. *See Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#62

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6050 PSG (SSx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Maxine Russell v. Department of State, *et al.* | | |

generally inappropriate."). The Third Grafeld Declaration does attempt to address the Court's earlier concerns with Ms. Grafeld's vague statements as to how the searches were performed, which keywords were used in electronic searches, where the searches were performed, and which records and databases were searched. *See Third Grafeld Decl.*, Dkt. #59. This is the type of specificity that the Government should have included in the first two Grafeld declarations with respect to all of Plaintiff's claims. On the third swing, the Government produced a declaration from the Department of State addressing many of the previously unanswered, narrow inquiries that warranted limited discovery, but failed to do so for all of them.

In Opposition to the Government's Motion for Reconsideration, Plaintiff argues that the Third Grafeld Declaration remains inadequate for the following reasons: (1) it does not address Plaintiff's third claim related to a FOIA request sent to the Department of State on February 13, 2009; (2) it is vague and ambiguous with respect to the Department of State's searches at the U.S. Embassy in Beijing and the Office of the Inspector General; (3) it fails to address whether the Department of State followed up on any "known leads for additional responsive records" as required by FOIA; and (4) it does not establish that Ms. Grafeld's statements concerning all of the searches are based on personal knowledge obtained in her official capacity. The Court addresses each of Plaintiff's concerns in turn.

First, the Court agrees that the Third Grafeld declaration contains no information whatsoever concerning Plaintiff's February 13, 2009 FOIA request directed to the Department of State. Plaintiff's February 13, 2009 request sought "all documents that describe or which otherwise document any actions taken by Department of State employee Charles Henning, who worked in the Guangzhou, China office of the Consulate General fo the United States, which involve his posting or writing of any inappropriate comments or other remarks about Darren Russell to an online blog or computer website in 2005 or 2006, and any records of any State Department discussion, review, investigation or reprimands associated with Mr. Henning's actions as described above." *See Compl.* ¶ 21. The Government contends that the omission of all information related to the search for such records is intentional because any confirmation or denial of the existence of any records "would constitute a clearly unwarranted invasion of Mr. Henning's personal privacy." *See Reply* 9:1-9. The adequacy of a FOIA search, however, is determined on the basis of affidavits submitted by the agency representatives involved in the search, not on arguments made by attorneys representing the agency after the fact. *See, e.g.*, *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 986-87 (9th Cir. 2009). If the Court is to determine whether the Department of State's search, or non-search, of files related to Plaintiff's February 13, 2009 FOIA request was adequate, the Court needs to know the Department of State's reasons for conducting or failing to conduct the search.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#62**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6050 PSG (SSx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Maxine Russell v. Department of State, *et al.* | | |

      In addition, the Court agrees with Plaintiff that the Third Grafeld Declaration is vague and ambiguous with respect to the searches conducted at the U.S. Embassy in Beijing and at the Office of the Inspector General. As the Court indicated in the December 14 Order, it is the responsibility of the Government to produce "a reasonably detailed, nonconclusory affidavit submitted in good faith, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *See* Dkt. #56 at 2-3 (internal quotations and citations omitted). The Third Grafeld Declaration sets forth the methodology of the State Department's search, the search terms used and the records/databases actually search with respect to certain searches it conducted, but it does not do so for all of them. For example, in describing the search conducted in a Department of State centralized, electronic filing system, the Government states that, *inter alia*, "a full-text search of the Central File using the keywords 'Maxine B. Russell' or 'Maxine Russell' or 'Darren Russell'" for documents with a date range of "April 11, 2007 to May 11, 2009." *See Third Grafeld Decl.* ¶¶ 13-14. In contrast, the Third Grafeld Declaration states that the Office of the Inspector General "searched its electronic files, including subject-matter files and e-mails of persons within OIG who had undertaken action . . . regarding the death of Darren Russell," and similarly that the U.S. Embassy in Beijing "searched its paper subject files and electronic records . . . for responsive documents relevant to Mrs. Maxine Russell . . . specifically for Mrs. Russell's letter dated January 18, 2009 to the U.S. Ambassador in Beijing . . . and any reply letters from the Embassy." *See id.* ¶¶ 21, 29. Neither of these descriptions meets the requirement to state "the methodology of the State Department's search, the search terms used, and [in some cases] the records/databases actually searched." *See* Dkt. #56 at 3 (the December 14 Order).

      The Court disagrees, however, with Plaintiff's contention that the Grafeld Declarations are inadequate in describing the Department of State's efforts to follow up on known leads and in describing Ms. Grafeld knowledge of the searches. While the Third Grafeld Declaration does not describe the Department of State's actions in response to documents cross-referencing additional documents, or as Plaintiff terms them "known leads," the Second Grafeld Declaration does. *See Second Grafeld Decl.* ¶¶ 7-29. If, as Plaintiff contends, the failure to follow up on known leads violated the Department of State's FOIA responsibilities, that will be a legal issue addressed later in litigation. For now it is sufficient to say that the Department of State has described what it did in response to "known leads." *See id.* Moreover, the First and Third Grafeld Declarations include Ms. Grafeld's attestation of personal knowledge obtained in her official capacity: her first declaration states that "I oversee the Department's Office of Information Programs and Services, which is responsible for responding to requests for records under the [FOIA]," and her third declaration states that "I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#62**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6050 PSG (SSx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Maxine Russell v. Department of State, *et al.* | | |

case files established for the processing of the subject requests, and upon information furnished to me in the course of my official duties." *See First Grafeld Decl.* ¶ 1; *Third Grafeld Decl.* ¶ 1. Ms. Grafeld's personal knowledge obtained in the course of official duties is all that is required, as it is not necessary for the agency employee who actually performed the search to provide an affidavit describing the search. *See, e.g., Lahr*, 569 F.3d at 990 (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 813 (2d Cir. 1994) where the Second Circuit determined that affidavits from individuals who had been involved in FOIA searches, albeit in a supervisory capacity, were sufficient).

While the Court also found that the FBI's declarations were inadequate in the December 14 Order, Plaintiff has since settled her claims with the FBI, mooting that aspect of the Government's Motion for Reconsideration. *See Opp'n* 21:23-22:7. The Court notes, however, that Plaintiff's request for costs fees under 5 U.S.C. § 552(a)(4)(E)(ii)(II) is outstanding.

IV.   Conclusion

Based on the foregoing, the Court CONTINUES the Government's Motion for Reconsideration according to the following schedule:

Supplemental Declaration(s) Due By:     4/15/2011
Supplemental Opposition to the Motion for Reconsideration:     4/29/2011
Supplemental Reply to the Motion for Reconsideration:     5/6/2011
Motion for Reconsideration Hearing Date:     5/23/2011

All other dates are VACATED, to be reset at the hearing for Motion for Reconsideration on **May 23, 2011.**

**IT IS SO ORDERED.**